**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES MOYER<br>3050 Fairview Drive<br>Avon, Ohio 44011 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | Case No. _____ |
| v. | : <br> : | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY<br>1314 Douglas Street, Suite 1400<br>Omaha, Nebraska 68102 | : <br> : <br> : | JUDGE: _____ |
| and | : <br> : | |
| GEICO INSURANCE AGENCY, LLC<br>f/k/a GEICO Insurance Agency, Inc.<br>5260 Western Avenue<br>Chevy Chase, Maryland 20815 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| GEICO CORPORATION<br>5260 Western Avenue<br>Washington, DC 20015 | : <br> : <br> : | |
| and | : <br> : | |
| GEICO GENERAL INSURANCE COMPANY<br>1314 Douglas Street, Suite 1400<br>Omaha, Nebraska 68102 | : <br> : <br> : | |
| and | : <br> : | |
| GEICO INDEMNITY COMPANY<br>1314 Douglas Street, Suite 1400<br>Omaha, Nebraska 68102 | : <br> : <br> : | |
| and | : <br> : <br> : <br> : | |

1

GEICO CASUALTY COMPANY                           :
1314 Douglas Street, Suite 1400                  :
Omaha, Nebraska 68102                            :
                                                 :
        and                                      :
                                                 :
GEICO ADVANTAGE INSURANCE COMPANY                :
5260 Western Avenue                              :
Chevy Chase, Maryland 20815                      :
                                                 :
        and                                      :
                                                 :
GEICO CHOICE INSURANCE COMPANY                   :
5260 Western Avenue                              :
Chevy Chase, Maryland 20815                      :
                                                 :
        and                                      :
                                                 :
GEICO SECURE INSURANCE COMPANY                   :
5260 Western Avenue                              :
Chevy Chase, Maryland 20815                      :
                                                 :
        and                                      :
                                                 :
GEICO COUNTY MUTUAL INSURANCE COMPANY            :
2280 North Greenville Avenue                     :
Richardson, Texas 75082                          :
                                                 :
        and                                      :
                                                 :
GEICO MARINE INSURANCE COMPANY                   :
5323 Port Royal Road                             :
Springfield, Virginia 22151                      :
                                                 :
        and                                      :
                                                 :
ABC BENEFIT PLANS 1-15                           :
                                                 :
        Defendants.                              :

## CLASS ACTION COMPLAINT

Now comes Plaintiff James Moyer ("Plaintiff" or "Mr. Moyer"), in his individual and representative capacity, and for his Complaint against Defendants (collectively, "the Defendants") hereby states the following:

## INTRODUCTION

1.      Defendants have employed hundreds of captive insurance agents like Plaintiff across all fifty states to sell the company's insurance products.

2.      While Defendants may call its insurance agents independent contractors, they do not treat them as such.  Instead, the financial and management structure, among other things, between Defendants and its captive insurance agents[1] demonstrates that such agents, like Mr. Moyer here, are Defendants' employees.

3.      Defendants (a) control the location and appearance of its agents' offices; (b) control who can be their clients and how they obtain new clients; (c) assign additional duties to the agents outside of any contractual agreement; (d) require its agents' employees to work for Defendants' corporate offices without compensation to the agents; and perhaps most importantly, (e) allow its captive insurance agents to opt into Defendants' *employee* health and life insurance benefits. Together, these factors and others support the conclusion that Defendants' insurance agents are employees.

4.      Congress enacted the Employee Retirement Income Security Act ("ERISA") to provide protections for employees regarding benefit plans offered by their employers.  *See* 29

---

[1] A "captive" insurance agent is an insurance agent who by agreement with a particular insurance company agrees to only sell insurance products issued by and on behalf of that single insurance company. An "independent" insurance agent is authorized to sell on behalf of multiple insurance companies.

U.S.C. § 1001(a).  Because Defendants allow its agents to opt into Defendants' employee health and life insurance benefits—making the agents eligible to receive a benefit from Defendants' employee benefit plans—the agents, including Mr. Moyer, are "participants" under ERISA.  *See* 29 U.S.C. § 1002(7).

5.      As employees and participants, the protections of ERISA apply to them.

6.      Because Defendants misclassified their agents as independent contractors, they have failed to provide their agents *all* of the same retirement, health, and other benefits they provide to other employees through several employee benefit pension and welfare plans established under ERISA.

7.      By misclassifying their agents, like Mr. Moyer, Defendants have avoided the business costs of extending *all* ERISA-protected benefits to their agents and have evaded compliance with state and federal laws governing employee benefit plans.

8.      Plaintiff, James Moyer, brings this action, on behalf of himself and all others similarly situated, against Defendants for violations of ERISA.

9.      Furthermore, Defendants have been unjustly enriched by failing to credit Mr. Moyer for sales and failing to pay him commissions on those sales.  Mr. Moyer brings this action on behalf of himself against Defendants for unjust enrichment.

## JURISDICTION

10.     This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States and specifically over Plaintiff's ERISA claims under 29 U.S.C. § 1132(e)(1).

11.     This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) the claims of the proposed Class exceed

$5,000,000; (2) at least one member of the class of Plaintiffs is a citizen of a state different from at least one Defendant; and (3) the proposed Plaintiff Class consists of more than 100 members.

12.     This Court has diversity jurisdiction over Mr. Moyer's state-law claims, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and Mr. Moyer is a citizen of a different state than all of the Defendants.

13.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state-law claim, as the claim relates to the same case and controversy.

14.     This Court has personal jurisdiction over Defendants because Defendants do business in Ohio, and a substantial number of the events giving rise to the claims took place in Ohio.

15.     Pursuant to 28 U.S.C. 1391(c)(2), all Defendants are residents of Ohio, and one or more of the Defendants are residents of this judicial district.  Therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

16.     Plaintiff, James Moyer, is a captive insurance agent for Defendants and resides at 3050 Fairview Drive, Avon, Ohio in Lorain County.

17.     Plaintiff's insurance office is located at 4679 Great Northern Blvd, North Olmsted, Ohio, in Cuyahoga County.

18.     Defendant Government Employees Insurance Company ("GEICO") is a Nebraska corporation with its principal place of business located in Omaha, Nebraska.  GEICO conducts substantial business in the State of Ohio.

19.     GEICO Insurance Agency, LLC ("GEICO Insurance Agency") was formerly known as GEICO Insurance Agency, Inc. and is a limited liability company organized under the

laws of Maryland with its principal place of business in Chevy Chase, Maryland.   Upon information and belief, no member or sub-member of GEICO Insurance Agency is a citizen of Ohio.  GEICO Insurance Agency conducts substantial business in the State of Ohio.

20.     GEICO Corporation is a Delaware corporation with its principal place of business in the District of Columbia.  GEICO Corporation conducts substantial business in the State of Ohio.

21.     GEICO General Insurance Company ("GEICO General") is a Nebraska corporation with its principal place of business in Omaha, Nebraska.  GEICO General conducts substantial business in the State of Ohio.

22.     GEICO Indemnity Company ("GEICO Indemnity") is a Nebraska corporation with its principal place of business in Omaha, Nebraska.  GEICO Indemnity conducts substantial business in the State of Ohio.

23.     GEICO Casualty Company ("GEICO Casualty") is Nebraska corporation with its principal place of business in Omaha, Nebraska.  GEICO Casualty conducts substantial business in the State of Ohio.

24.     GEICO Advantage Insurance Company ("GEICO Advantage") is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.  GEICO Advantage conducts substantial business in the State of Ohio.

25.     GEICO Choice Insurance Company ("GEICO Choice") is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.   GEICO Choice conducts substantial business in the State of Ohio.

26.     GEICO Secure Insurance Company ("GEICO Secure") is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.  GEICO Secure conducts substantial business in the State of Ohio.

27.     GEICO County Mutual Insurance Company ("GEICO County") is a Texas corporation with its principal place of business in Richardson, Texas.  GEICO County conducts substantial business in the State of Ohio.

28.     GEICO Marine Insurance Company ("GEICO Marine") is a Nebraska corporation with its principal place of business in Springfield, Virginia.  GEICO Marine conducts substantial business in the State of Ohio.

29.     ABC Benefit Plans 1-15 are the administrators of Defendants' ERISA benefit plans. Defendants no longer allow Mr. Moyer to access the information regarding the plan administrators; and therefore, the names and addresses of the ABC Benefit Plans are unknown at this time and could not be reasonably ascertained and/or discovered prior to the filing of this complaint after conducting a reasonable search.

## **FACTS**

30.     Defendants employ hundreds of captive insurance agents to exclusively sell Defendants' insurance products or products Defendants have contracted to sell.  Defendants also directly sell insurance products to consumers.[2]

31.     Defendants classify captive insurance agents, including Mr. Moyer, as independent contractors and utilize agreements purporting to make the agents independent contractors. Defendants, however, control the manner and means by which the agents sell Defendants'

---

[2] For the purposes of this Complaint, the individuals who Defendants properly classify as employees and who also sell insurance products to customers are referred to as Corporate Employees.

insurance products, and Defendants fail to follow the provisions in their own "independent contractor agreements" that would support classification of their captive agents as independent contractors.

32.     Defendants seek out persons to be captive insurance agents and then provide all the training those agents need to be a captive insurance agent for Defendants.  Defendants provide them all the necessary training and tools to become an agent and run an agency

33.     Defendants are the source for many of the instrumentalities and tools used by Mr. Moyer and other captive insurance agents, including the following:

a.     Defendants control and own the lists of Mr. Moyer's potential customers.

i.     In prior years, Mr. Moyer developed relationships with car dealerships by which the dealership would provide Mr. Moyer's information to customers who purchased vehicles.  Sometime after realizing the success of these relationships, Defendants required Mr. Moyer to provide them with the list of dealerships with which Mr. Moyer had prior business relationships. Defendants then divided Mr. Moyer's dealership relationships  between Mr. Moyer and other captive agents.  Mr. Moyer was thereafter prohibited from obtaining customers from dealerships that Defendants gave to other agents and, at the same time, was not given credit or compensation by Defendants for sales generated from his business relationships.

ii.     Defendants prohibit Mr. Moyer from purchasing sales leads, so Mr. Moyer's only customers are those individuals that contact his office.

iii.     Defendants require certain new customers of Mr. Moyer to submit paper applications as an additional step in the approval process, which delays or

prevents Mr. Moyer from selling Defendants insurance products.  However, these same individuals can and have themselves applied online and obtained insurance without submitting a paper application.  Mr. Moyer is not compensated when the individuals obtain insurance directly from Defendants.

iv. In some instances when Defendants require paper applications, Defendants direct the applicant to another insurance company with which they have contracted.  If the applicant obtains insurance from that third-party insurance company, Defendants receive compensation for the sale. However, Mr. Moyer does not receive a commission or other compensation even though he generated the business.

v. Potential customers who attempt to contact Mr. Moyer are routed by Defendants to Corporate Employees.  When those potential customers purchase Defendants' insurance products, Plaintiff does not receive a commission and/or credit for these new customers.

b. Defendants control the telephones, telephone numbers, and computer operating systems used by Mr. Moyer and his office staff.

i. When Mr. Moyer initially opened his office, he arranged for his own phone numbers.  Shortly thereafter, Defendants required Mr. Moyer to assign those numbers to Defendants.

ii. Mr. Moyer also purchased his own phone system for his office.  However, Defendants required him to switch to their phone systems so that

Defendants could monitor and route the calls coming into Mr. Moyer's office.

    iii. Mr. Moyer also is required to lease computers from the Defendants and is prohibited from having software programs added to the computers. In fact, Mr. Moyer is prohibited from attaching a printer of his choice to Defendants' computer unless and until he obtains approval from Defendants.

c. Defendants control and own all of the marketing materials, including logos and signs used by Mr. Moyer.

    i. Captive insurance agents cannot advertise for business without the express approval of Defendants, which is rarely given.

    ii. Defendants do not allow captive insurance agents, including Mr. Moyer, to respond to Google reviews or other customer complaints or compliments. Defendants instead respond to internet reviews and use Mr. Moyer's name.

d. Defendants also control and own the telephone scripts.

    i. Mr. Moyer and the office staff must use Defendants telephone scripts when selling insurance products to potential customers. Captive insurance agents cannot exercise their own judgment on how they interact with customers.

    ii. Defendants monitor office staff and direct captive agents to discipline staff when staff deviate from the script. Defendants have suspended access to the computer system used by agents' office staff when Defendants deem there to be violations of the script and process mandated to be used in selling insurance products.

34.     Defendants control the location and appearance of Mr. Moyer's office.

   a.   In prior years, Defendants purported to hold a contest regarding agent's offices and

        required submission of videos showing all aspects of the agent's office. At the end

        of 2022, Defendants abandoned the pretense of such "contests" and simply required

        agents to submit video of every area of their office in order to be evaluated.

   b.   Defendants also control the regions and locations in which Mr. Moyer can seek

        business.

35.     The duration and manner of the relationship between Defendants and Mr. Moyer

demonstrates that he is an employee of Defendants. Mr. Moyer has been a captive insurance agent

for Defendants since August 2007.

36.     Defendants also maintain the right to assign additional projects to Mr. Moyer and

his office staff.

   a.   For example, all of the Defendant-owned telephone numbers are intermingled.

        Therefore, when a customer calls a corporate number, that call can be, and

        sometimes is, routed to Mr. Moyer's office.

   b.   From the time Mr. Moyer became an agent until approximately July 2022,

        Defendants required captive insurance agents to provide service assistance to

        any GEICO insured who contacted Mr. Moyer's office or who was routed to

        Mr. Moyer's office. These service calls were not limited to Mr. Moyer's

        customers. Defendants required him to provide services for free to corporate

        customers and even other agents' customers.

   c.   During the COVID-19 pandemic, the number of service calls Mr. Moyer and

        his office received for corporate customers and other agents' customers greatly

increased. Throughout the pandemic, Defendants had difficulty handling all of the corporate calls in a timely manner. Yet, instead of hiring enough Corporate Employees to handle the calls, Defendants continued to burden Mr. Moyer and his office with an ever-increasing number of corporate callers.

d. Importantly, Defendants did not compensate Mr. Moyer when he or his staff provided services for these additional calls (both before or during the pandemic). By way of example only, when a customer was routed to Mr. Moyer to add a vehicle to his insurance policy, Mr. Moyer was required to assist that customer. Unless that customer was Mr. Moyer's, he did not receive a commission or other compensation for adding the vehicle to the policy.

e. Around July 2022, Defendants changed their procedures again. Mr. Moyer is now no longer permitted to perform service for any GEICO customer, including customers who previously purchased insurance from Mr. Moyer. As a result, all customers who need service assistance automatically are transferred to Defendants' corporate call center. If in assisting the customer on a service call, the customer wants additional insurance coverage, a Corporate Employee will write the policy. Mr. Moyer does not receive a commission or any other form of compensation even if he sold the original policy to the customer. Rather, Defendants and the Corporate Employees retain the commission that otherwise should have been Mr. Moyer's.

37. Defendants maintain control over the specific days and the precise hours when Mr. Moyer and his office is open. Specifically, Defendants require Mr. Moyer to keep his office open Monday through Friday during regular business hours. Previously, when Defendants

required captive agents to develop dealership relationships, Defendants required captive agents to maintain evening and weekend hours.  Defendants have now instructed captive agents to stop working with dealerships, so Defendants' required hours have reverted to regular business hours. To ensure compliance with these day and time requirement, Defendants routinely check and monitor Mr. Moyer, his office staff, and other agents' telephone calls.

38.     Defendants also controlled whether captive agents could close in-person services during the COVID-19 pandemic.  Upon inquires from agents, Defendants initially told captive agents that the agents had to keep their offices open for in-person business and even threatened to terminate any captive agent that closed in-person services.  Defendants then changed course and directed that captive agents could close their offices.  Then after some time had passed, Defendants informed the captive agents that they expected all captive agents (even those at higher risk for COVID complications) to reopen their offices by a certain date.

39.     Defendants also require agents, like Mr. Moyer, to attend mandatory meetings with supervisors, who are full time employees of the Defendants.  Agents and their office staff must complete Defendants' training modules and must follow Defendants' record retention policies. Defendants also set performance goals for each agent's business and monitor these goals.   In instances when these performance goals are not met, Defendants impose discipline on the agents, including warnings and even termination of the agents.

40.     Defendants pay Mr. Moyer solely in the form of commissions.

41.     Defendants also have a significant role in hiring and disciplining Mr. Moyer's office staff.  Defendants impose qualifications on hired staff, including a requirement to conduct a background check, and Defendants determine if Mr. Moyer and other agents are able to hire a prospective employee.  Defendants have not provided Mr. Moyer with the specific criteria they

consider when making these decisions. Defendants can suspend or terminate an employee's access to their office computer, which means that the employee is unable to perform their job functions and ultimately results in the employee's dismissal.

42. The selling of insurance products is the primary aspect of Defendants' regular business.

43. In addition to hiring captive agents like Mr. Moyer, Defendants also sell insurance products directly through Corporate Employees, who are also licensed insurance agents. These Corporate Employees hold the same licenses, use the same systems to process applications, and sell the same products as captive insurance agents.

44. Captive insurance agents, like Mr. Moyer, are eligible to select health and life insurance from Defendants' ERISA-controlled plans. In selecting a health and/or life insurance policy, the captive insurance agent is required to cover 100 percent of the premiums. Defendants' Corporate Employees receive a discount/subsidy from Defendants for their health and life insurance premiums. Mr. Moyer has purchased health and life insurance from Defendants' ERISA-controlled plans, paying 100% of the applicable premiums, throughout the entire course of his employment with Defendants.

45. Mr. Moyer and all other captive insurance agents are rightfully employees of Defendants. They are eligible to participate in portions of Defendants' ERISA-controlled plans but have been denied participation in Defendants' other ERISA-controlled plans including traditional and Roth 401(k), as well as profit sharing plans for which other similarly-situated employees are permitted to participate.

46. Mr. Moyer receives a 1099 from Defendants, not a W-2.

47.     Captive agents, like Mr. Moyer, are not permitted to solicit other employees of Defendants or customers of Defendants for a period of one year after they are no longer employed by Defendants.

48.     While Mr. Moyer signed an agreement purporting to make him an independent contractor, Defendants have not followed the agreement in this regard.

49.     Section (B) of the GEICO Field Representative agreement states that Mr. Moyer is an independent contractor, and in the *same sentence*, Defendants agree that Mr. Moyer "exercises his or her own judgment as to the manner in which she or he may provide services under the terms of this Agreement."  As noted above, Defendants did not and do not follow this part of their agreement with Mr. Moyer.  Mr. Moyer has not been able to exercise his own judgment as to the manner in which he provides services as an employee of Defendants.  Defendants instead control the manner in which Mr. Moyer provides services by, among other things, requiring Mr. Moyer to follow a specific script, to maintain certain office hours, to discipline staff, to maintain his office in a certain manner, and to use only GEICO-provided equipment.  Defendants also prohibit many avenues that Mr. Moyer could use to obtain business, such as purchasing leads, continuing business relationships, and certain forms of advertising.  In reality, Mr. Moyer and other agents seldom (if ever) are able to use their own judgment regarding the manner in which they provide services, such that they are not independent contractors but are instead GEICO employees.

50.     Furthermore, Section (B) of the GEICO Field Representative agreement provides that Mr. Moyer "will not participate in or benefit from any GEICO employee benefit programs." This too is false, as GEICO permitted its field agents, including Mr. Moyer, to participate in GEICO's employee health and life insurance benefits.

51.     To the extent Mr. Moyer's claims are construed to be directed to the interpretation of the applicable ERISA plans and not their legality, and to the extent any administrative remedies were available, it would be futile for Mr. Moyer and the Class to pursue them through any administrative scheme, as Defendants will claim, wrongfully, that Mr. Moyer and the Class are not covered under Defendants' ERISA-controlled plans.  Hence, any claim for a failure to exhaust administrative remedies simply does not apply here.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

53.     Plaintiff Moyer, in accordance with Rule 23(b) of the Federal Rules of Civil Procedure, brings this action on behalf of himself and as a member of the Class of captive insurance agents who sell and have sold insurance products for or on behalf of Defendants.

54.     Defendants have exercised the same level of control on all other agents, including but not limited to mandating certain scripts and processes, requiring agents to discipline staff, monitoring office appearance, and mandating certain work days and hours.

55.     All other agents also were eligible to participate in GEICO's employee health and life insurance benefit plans.

56.     The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on the date of entry of judgment.

57.     Subject to additional information obtained through further investigation and discovery, the Class definition may be expanded or narrowed by amendment or by the filing of an amended complaint.

58.     The following are excluded from the Class: (a) any Judge or Magistrate presiding over this action and members of their families; (b) the officers, directors, or partners of Defendants; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

59.     The Class is so numerous that joinder of all members is impracticable. The proposed Class contains hundreds, if not thousands, of similarly situated current and former captive insurance agents, who were wrongfully designated as independent contractors by Defendants, throughout the country and sell or service Defendants' insurance products.

60.     There are questions of law and fact common to the Class. These common questions include, but are not limited to, whether the captive insurance agents are employees of Defendants entitled to all ERISA benefits available to other similarly-situated employees and whether Mr. Moyer and the Class are entitled to benefits and reimbursement for benefits they should have been receiving as employees.

61.     The claims of Mr. Moyer are typical of the claims of the Class members in that Mr. Moyer and each member of the Class all are or have been captive insurance agents and have suffered and will continue to suffer financial hardship and other damage as a result of Defendants' conduct.

62.     Mr. Moyer will fairly and adequately represent and protect the interest of the Class. Mr. Moyer is articulate and knowledgeable about his claims and fully able to describe them. There are no conflicts of interest between Mr. Moyer with respect to the interests of the Class members. Mr. Moyer, like the Class members, has suffered financial loss as a result of Defendants' acts.

63.     Counsel for Mr. Moyer are well-suited to represent the interests of the Class at large. Counsel include James E. Arnold, Damion M. Clifford, Gerhardt A. Gosnell II, Stefanie L. Coe, and Tiffany L. Carwile (Arnold & Clifford, LLP). The combined experience and areas of

professional concentration of these attorneys are well-suited to representation of the interests of the Class.  All these lawyers practice complex civil litigation and are experienced in class action litigation.

64.     Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure.  Prosecuting separate actions would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

65.     Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  Defendants will continue to commit the alleged violations, and the members of the Class will continue to be unfairly denied benefits compensation to which they are entitled under ERISA.  Defendants have acted and refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

66.     Class certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The questions of law or fact common to the members of the Class, described above, predominate over any questions affecting only individual members.

67.     This Court is an appropriate forum for the litigation of the Class claims.

<u>**Count I**</u>
**Declaratory Relief Under ERISA**

68.     Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

69.     Mr. Moyer, for himself and on behalf of the Class members, seeks a declaration pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and 28 U.S.C. §§ 2201 and 2202, of his

rights under federal law and Defendants' plans. Specifically, Mr. Moyer, for himself and on behalf of the Class members, seeks a declaration that

    a.   Mr. Moyer and the Class members are employees;

    b.   As employees, Mr. Moyer and the Class members are eligible for all benefits under the plan or plans Defendants offer to other employees; and

    c.   Mr. Moyer and the Class are entitled to reimbursement of payments made for benefits received and restitution of benefits improperly withheld by Defendants in order to comply with ERISA's requirements.

## Count II
## Injunctive Relief

70.    Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

71.    Defendants have been withholding benefits properly due to its captive insurance agents for decades.

72.    Defendants also have captive insurance agents pay 100% for benefits that they afford to Corporate Employees at a discount.

73.    That practice continues today and has damaged, and is currently damaging, Mr. Moyer and the Class members.

74.    Mr. Moyer and the Class members therefore request that this Court issue an injunction prohibiting Defendants from continuing to misclassify the captive insurance agents as independent contractors, prohibiting Defendants from continuing to withhold employee benefits from the captive insurance agents, prohibiting Defendants from implementing benefits plans that do not comply with ERISA, and ordering Defendants to recalculate and pay benefits under the proper calculations of benefits as provided by ERISA to Mr. Moyer and the Class.

### Count III
### Claim for Benefits Under ERISA § 502(a)(1)(B)

75. Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

76. ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan.

77. Defendants provide a traditional and Roth 401(k) plan, a group health care plan, a group dental plan, a profit-sharing plan, a group life plan, and a long-term disability plan to current employees, all of which are employee benefit plans subject to ERISA.

78. As employee-benefits plans subject to ERISA, Defendants' plans must comply with 26 U.S.C. §§ 105(h) and 410(b), including the minimum coverage requirements.

79. The definitions applicable to ERISA make clear that employees and only employees are eligible to participate in the benefit plans:

   a. An employee welfare benefit plan is "any plan, fund, or program . . . maintained by an employer . . . that . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits . . . ." 29 U.S.C. § 1002(1);

   b. An employee pension benefit plan is "any plan, fund, or program . . . maintained by an employer . . . that by its express terms . . . : (i) provides retirement income to employees, or (ii) results in a deferral of income by employees . . . ." *Id.* § 1002(2);

   c. An employer is any person acting directly as an employer. *Id.* § 1002(5);

      d.   An employee is any individual employed by an employer. *Id.* § 1002(6);

      e.   A participant is "any *employee* . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees or such employer . . . ." *Id.* § 1002(7) (emphasis added).

80.    Because a participant must be an employee and because the term "employee" does not have different definitions based on the type of plan, if an individual is treated like an employee for one employee benefit plan—*i.e.* health or life insurance—then that individual is also an employee for any other plan offered by the employer.

81.    A plan that fails to comply with the statutory requirements must be brought into retroactive compliance.

82.    Upon information and belief, Defendants' health and life insurance benefit plans are not multiemployer plans as described in 29 U.S.C. § 1002(37) and (40).

83.    Relying on the mischaracterization of Mr. Moyer and the Class members as independent contractors, Defendants have systematically excluded Mr. Moyer and the Class members from the definition of employee as applied to some of Defendants' benefit plans.

84.    For their health and life insurance plans, Defendants treat Mr. Moyer and the Class members as employees by allowing them to participate in those plans, as long as they pay the entire health and life insurance premiums.

85.    Defendants, however, cannot treat Mr. Moyer and the Class members as employees for portions of the benefit plans but as independent contractors for other portion of the plans.  Thus, based on Defendants' treatment of Mr. Moyer and the Class members, they are employees under ERISA for all of Defendants' ERISA-controlled benefit plans.

86.     By excluding Mr. Moyer and the Class members from participation in some of their plans, Defendants have violated ERISA's statutory provisions.

87.     Defendants' refusal to implement its benefit plans in compliance with ERISA and 26 U.S.C. §§ 105(h) and 410(b) was and is unlawful.

88.     Defendants' ERISA violations have damaged Mr. Moyer and the Class, including but not limited to the loss of benefits due to them had the traditional and Roth IRAs, 401(k) plan, profit sharing plan, a group health care plan, a group dental plan, group life plan, and a long-term disability plan offered to all other current employees.

89.     Defendants' conduct has caused actual harm to Mr. Moyer and the Class members in an amount in excess of $5 million.

<u>**Count IV**</u>
**Claim for Benefits Under ERISA § 502(a)(1)(B)**

90.     Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

91.     ERISA § 502(a)(3) empowers a plan participant or beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."   29 U.S.C. § 1332(a)(3).

92.     At a minimum, Mr. Moyer and the Class members are plan participants, as they are eligible or may be eligible for Defendants' health and life insurance plans.  Indeed, Mr. Moyer has participated in Defendants' health and life insurance plans.  He has participated in the life insurance plans since his initial employment with Defendants in 2007.  He participated in Defendants' health insurance plan for approximately one year, around 2011.

93.     Defendants' refusal to implement their benefit plans in compliance with ERISA and 26 U.S.C. §§ 105(h) and 105(h) was unlawful and is a breach of their fiduciary duties to administer a plan in accordance with ERISA.

94.     Mr. Moyer and the Class members are entitled to equitable relief under ERISA § 502(a)(3), including reformation of all of Defendants' benefit plans to include Mr. Moyer and the Class and the payment of restitution in the form of a surcharge or otherwise credit Mr. Moyer and the Class members for all ERISA benefits to which they are retroactively entitled under Defendants' benefit plans in order to be made whole and to prevent Defendants' unjust enrichment.

95.     Defendants' conduct has caused actual harm to Plaintiffs and the Class members in excess of $5 million.

### Count V
### Unjust Enrichment

96.     Plaintiff Moyer incorporates each and every allegation contained in the preceding paragraphs by reference, as if fully set forth herein.

97.     Plaintiff conferred a benefit on Defendants when Mr. Moyer and his office staff sold Defendants' insurance products without any compensation, serviced Defendants' customers without any compensation, and provided business to Defendants without any compensation.

98.     Defendants were aware that Plaintiff was conferring a benefit upon them and knowingly accepted the benefits conferred upon them when Mr. Moyer and his office staff sell Defendants' insurance products without any compensation, service Defendants' customers without any compensation, and are required to send business to Defendants without any compensation.

99.     The GEICO Field Representative Agreement does not address the additional work. The benefits conferred on Defendants by Mr. Moyer were required by Defendants but were outside the scope of the Agreement.

100.     It would be unjust for Defendants to accept the benefits being conferred upon them by Mr. Moyer, without providing Mr. Moyer adequate and just compensation for his services and the provision of business to Defendants.

101.     As a direct and proximate result of Defendants' retention of these benefits conferred upon them by Plaintiff, Mr. Moyer has suffered damages in excess of $75,000.

### Prayer for Relief

**Wherefore,** Plaintiff Moyer and the Class pray as follows:

A.     Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Mr. Moyer as the Class representative, and counsel for Plaintiff Moyer as Class Counsel;

B.     A declaration that Mr. Moyer and the Class members are legal employees for all purposes;

C.     A declaration that, because Defendants excluded Mr. Moyer and the Class from participating in their employee benefit plans, the Defendants' benefit plans are not in compliance with ERISA and 26 U.S.C. §§ 105(h) (and 410(b);

D.     Payment to Mr. Moyer and the Class of all amounts due under the Defendants' employee benefit plans had the plans complied with ERISA;

E.     An order reforming all of Defendants' employee benefit plans to include Mr. Moyer and the Class and to comply with ERISA and 26 U.S.C. §§ 105(h) and 410(b);

F.     An order requiring Defendants to pay restitution in the form of a surcharge or otherwise credit Mr. Moyer and the Class members for all ERISA benefits to which they were retroactively entitled under the Defendants' employee benefit plans in order to be made whole and to prevent Defendants' unjust enrichment;

G.      An injunction barring Defendants from continuing to misclassify the Class and Mr. Moyer as independent contractors and to classify them as employees;

H.      An award of damages for all insurance products that Defendants forced Plaintiff to give to another agent;

I.      An award of damages for all insurance products that Plaintiff brought to Defendants but was not provided compensation;

J.      An award of compensation for the work Plaintiff and his staff provided to Defendants' without compensation;

K.      An award of attorneys' fees, plus the costs and expenses of this action;

L.      Pre- and post-judgement interest;

M.      All other legal and equitable relief to with Mr. Moyer and the Class are entitled.

Respectfully submitted,


*/s/ Damion M. Clifford*
James E. Arnold (0037712)
Damion M. Clifford (0077777)
(Trial Counsel)
Gerhardt A. Gosnell II  (0064919)
Stefanie L. Coe (0078265)
Tiffany L. Carwile (0082522)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio  43215
Ph:      (614) 460-1600
Email:  jarnold@arnlaw.com
            dclifford@arnlaw.com
            ggosnell@arnlaw.com
            scoe@arnlaw.com
            tcarwile@arnlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

_/s/ Damion M. Clifford_
Damion M. Clifford