IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES MOYER,<br><br>              Plaintiff,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO INSURANCE AGENCY, LLC et al.,<br><br>              Defendants. | Case No. 2:23-CV-00578<br><br>Hon. Judge Michael H. Watson |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Defendants Government Employees Insurance Company; GEICO Insurance Agency, LLC; GEICO Corporation; GEICO General Insurance Company; GEICO Indemnity Company; GEICO Casualty Company; GEICO Advantage Insurance Company; GEICO Choice Insurance Company; GEICO Secure Insurance Company; GEICO County Mutual Insurance Company; and GEICO Marine Insurance Company (collectively, "Defendants"),[1] by and through their undersigned counsel, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss with prejudice Plaintiff James Moyer's ("Plaintiff") Complaint in its entirety. In support of the Motion, Defendants submit their Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, filed concurrently herewith, and state as follows:

    1.    On February 9, 2023, Plaintiff filed the Complaint. In the Complaint, Plaintiff alleged that Defendants improperly excluded him from employee benefit plans in violation of the

---

[1] Plaintiff also brings suit against 15 unidentified Benefit Plans.

Employee Retirement Income Security Act ("ERISA") and unjustly failed to compensate him for benefits he conferred in violation of Ohio common law.  (ECF No. 1 ¶¶ 1-9.)

2. The Court should dismiss the Complaint in its entirety with prejudice pursuant to Federal Rules 12(b)(1), 12(b)(2), and 12(b)(6) for multiple reasons.

3. First, Plaintiff's ERISA claims are time-barred under the applicable six-year statute of limitations because Plaintiff knew or should have known of the facts giving rise to his claims by February 9, 2017, rendering the Complaint untimely.

4. Second, Plaintiff's collective reference to the various defendant entities as "Defendants" throughout his Complaint, without defining such term, renders his claims hopelessly deficient.  Plaintiff fails to allege facts demonstrating that his claims arise from any Defendant's alleged contacts with the forum state, as necessary to establish personal jurisdiction, and Plaintiff fails to allege facts showing whether or how any particular Defendant supposedly violated the law as necessary to maintain a claim.

5. Third, Plaintiff fails to demonstrate that he has standing to maintain his claims against any Defendant.  Plaintiff's company, JCM, and not Plaintiff, was party to the agreement on which Plaintiff bases his claims.  Plaintiff, therefore, lacks standing to maintain his claims under ERISA.

6. Fourth, even if Plaintiff had standing to bring his claims for alleged denial of benefits under ERISA, Plaintiff admits that he failed to exhaust his administrative remedies as required by the statute.

7. Fifth, Plaintiff cannot maintain a claim for unjust enrichment because it is well-established Ohio law that the equitable theory of unjust enrichment is not available when the

parties' relationship is governed by an express contract, as Plaintiff alleges. Thus, unjust enrichment is not available as a theory of recovery.

8.     Defendants file this Motion in good faith, on just terms, and not for purposes of undue delay.

**WHEREFORE**, Defendants Government Employees Insurance Company; GEICO Insurance Agency, LLC; GEICO Corporation; GEICO General Insurance Company; GEICO Indemnity Company; GEICO Casualty Company; GEICO Advantage Insurance Company; GEICO Choice Insurance Company; GEICO Secure Insurance Company; GEICO County Mutual Insurance Company; and GEICO Marine Insurance Company respectfully request that this Court enter an Order:

(i)     granting this Motion;

(ii)     dismissing the Complaint in its entirety with prejudice; and

(iii)     granting such other relief as this Court deems just and proper.

**Dated: April 11, 2023**

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO INSURANCE AGENCY, LLC et al.,

By:    */s/ Gerald L. Maatman, Jr.*
One of their Attorneys

Gerald L. Maatman, Jr. (admitted *pro hac vice*)
gmaatman@duanemorris.com
Jennifer A. Riley (admitted *pro hac vice*)
jariley@duanemorris.com
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

Kathryn Regina Brown (Ohio Bar ID 98620)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Telephone:  (215) 979-1851
Facsimile:  (215) 689-4945
*krbrown@duanemorris.com*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, a true and correct copy of the foregoing document was served upon all counsel of record that have appeared via the Court's CM/ECF System.

*/s/ Gerald L. Maatman, Jr.*
One of the Attorneys for Defendants
