IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES MOYER,**

    **Plaintiff,**

v.

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY**, *et al.*,

    **Defendants.**

Case No. 2:23-cv-578

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Stay Discovery (ECF No. 31) filed by Defendants Government Employees Insurance Company, GEICO Insurance Agency, LLC, and GEICO Corporation (collectively, "Defendants"). Plaintiffs James Moyer, Alyssa Palermo, Vincent Harris, Brandon Harris, and Nathaniel McCracken (collectively, "Plaintiffs") have filed a Response (ECF No. 32) and Defendants have filed a Reply (ECF No. 33). For the following reasons, Defendants' Motion to Stay Discovery is **GRANTED, in part** and **DENIED, in part**.

I.

Briefly, in their First Amended Class Action Complaint, Plaintiffs allege that Defendants treated captive insurance agents as independent contractors rather than employees and failed to provide certain benefits in violation of the Employee Retirement Income Security Act ("ERISA") (Counts 1-4). (ECF No. 29.) Plaintiff James Moyer also asserts an individual claim for retaliatory termination under ERISA (Count 5).

1

Defendants assert that a stay of discovery is necessary because they intend to file a motion to dismiss addressed to threshold issues of the statute of limitations, standing, and personal jurisdiction.[1] As Defendants see it, allowing the Court to address these arguments first will simplify the issues in this case and presumably, by extension, the scope of any necessary discovery. Additionally, they point out that this case is in its earliest stages such that Plaintiffs will suffer no prejudice from a short stay. Further, they contend that a stay will reduce the burden of litigation on the parties and the Court. Alternatively, Defendants request that, if the Court does not stay discovery, they be given the opportunity to brief the issue of trifurcated discovery.

In response, Plaintiffs confirm that they do not oppose staying discovery on the class claims, Counts 1-4. (ECF No. 32 at 1.) Instead, their opposition is limited specifically to a stay of discovery relating to Mr. Moyer's individual retaliation claim. In Plaintiffs' view, Defendants' motion is not directed to discovery related to this claim and, therefore, should be denied. Beyond this, Plaintiffs oppose the idea of trifurcated discovery.

In reply, Defendants assert that their motion to stay encompasses Mr, Moyer's individual retaliation claim because such a claim also is deficient due to his lack of standing. Further, Defendants contend that, even if Mr. Moyer's individual claim might survive a motion to dismiss, a stay of discovery would remain more efficient and cost-effective. Finally, with

---

[1] Defendants had filed a motion to dismiss the original Complaint on April 11, 2023. (ECF No. 22.) In response, on May 2, 2023, Plaintiffs filed a First Amended Class Action Complaint. (ECF No. 29.) At a pretrial conference on May 2, 2023, Defendants confirmed an intention to file a motion to stay discovery and the Court set a briefing schedule. Following a stipulated extension of time (ECF No. 30), Defendants filed their motion to dismiss directed to the Amended Complaint on May 30, 2023, and the briefing cycle on that motion concluded on July 5, 2023. (ECF Nos. 34, 36, and 37.)

respect to the issue of trifurcated discovery, they confirm that they simply are requesting the opportunity to brief the issue and Plaintiffs' challenge is both premature and without merit.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially

3

vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Defendants' motion does not warrant significant discussion.  Initially, given Plaintiffs' stated lack of opposition to a stay of discovery as it relates to the class claims, Counts 1-4, Defendants' motion is **GRANTED, in part**, to that extent.  Accordingly, the only issue before the Court is whether Defendants have demonstrated that a stay of discovery directed to Mr. Moyer's individual retaliation claim is warranted.  That claim, as set forth in the Amended Complaint, alleges that on March 21, 2023, 40 days after Mr. Moyer filed this lawsuit, Defendants terminated his employment.  (ECF No. 29 at ¶ 130.)

Applying the above factors, the Court concludes that Defendants have not demonstrated that a stay of discovery as to Mr, Moyer's individual claim is warranted.  This claim does not present an issue of immunity nor is it obviously frivolous such that the Court could conclude that

4

the motion to dismiss is likely to be granted. Rather, as noted, Defendants argue that this limited discovery should be stayed for two reasons: (1) their motion to dismiss raises Mr. Moyer's lack of standing and (2) the burden of litigation on the Court and the parties will be minimized. Defendants' arguments are not well-taken.

That Defendants' motion to dismiss Mr. Moyer's claim turns on a threshold issue does not necessarily weigh in favor of granting a stay. Rather, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of the Defendants' dispositive motion, a brief overview of the parties' briefing reveals that to be the situation here. The cases cited by Defendants, *Meros v. Dimon*, No. 2:18-CV-00510, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018) and *Allen v. Nationwide Mut. Ins.*, No. 2:17-CV-561, 2017 WL 5184340, at *1 (S.D. Ohio Nov. 8, 2017), both involved *pro se* plaintiffs and therefore are readily distinguishable and do not alter this analysis.

Further, Defendants have not demonstrated that discovery limited to only Mr. Moyer's retaliation claim will be overly burdensome in this case. As Plaintiffs point out, discovery on this claim would be narrow, tailored to a short time period and involve only Mr. Moyer. In the face of this, Defendants appear to agree, describing Mr. Moyer's individual claim as "about why the relationship between Moyer's company and one Defendant came to an end." (ECF No. 33 at 4.) Beyond this, Defendants simply reiterate, in conclusory fashion, their view that it would be more efficient and cost effective to resolve the motion to dismiss before discovery is undertaken. Finally, beyond a routine citing to the early stage of this case, Defendants do nothing to

5

meaningfully demonstrate that a stay of discovery will be of no consequence to Mr. Moyer. For these reasons, and in the exercise of its discretion, the Court will **DENY** the motion to stay discovery as it relates to Mr. Moyer's individual retaliation claim.

This brings the Court to the matter of Defendants' request to brief the issue of trifurcated discovery as raised in the Rule 26(f) Report. Defendants have framed this request for briefing as contingent upon the Court's decision to deny their requested stay of discovery pending a ruling on the motion to dismiss. As stated above, discovery related to the class claims is **STAYED**. Neither Defendants' motion nor their reply specifically contemplates the result reached here where discovery is stayed as to the class claims but not Mr. Moyer's individual claim. Because a stay of discovery directed to the class claims would seem to foreclose Defendants' stated need to brief the matter of trifurcation and, in the absence of a more targeted argument from Defendants, the request for briefing is **DENIED**.

## IV.

For the foregoing reasons, the Motion to Stay Discovery is **GRANTED, in part** and **DENIED, in part,** as follows. (ECF No. 31.) Defendants' motion to stay discovery is **GRANTED, in part, as unopposed** as to the class claims (Counts 1-4) and discovery is **STAYED** as to these claims pending a ruling on the Motion to Dismiss (ECF No. 34). The Court, however, finds that Defendants have not carried their burden to show that a stay of discovery as to Plaintiff James Moyer's individual claim (Count 5) is warranted. Accordingly, in the exercise of the Court's discretion, the motion to stay discovery is **DENIED, in part**, to this extent and discovery may proceed on this claim. Defendants' request to brief the issue of trifurcated discovery is **DENIED**.

**IT IS SO ORDERED.**


**Date:  August 1, 2023**                              */s/ Elizabeth A. Preston Deavers*
                                                                       **ELIZABETH A. PRESTON DEAVERS**
                                                                       **UNITED STATES MAGISTRATE JUDGE**