UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Moyer,

    Plaintiff,

v.

Government Employees Insurance Company, *et al.*,

    Defendants.

Case No. 2:23-cv-578

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Government Employees Insurance Company, GEICO Insurance Agency, LLC, and GEICO Corporation ("Defendants") move to dismiss James Moyer's, Alyssa Palermo's, Vincent Harris's, Brandon Harris's, and Nathaniel McCracken's ("Plaintiffs") Amended Complaint. ECF No. 34. For the following reasons, Defendants' motion is **GRANTED**.

### I.   FACTS[1]

At the relevant times, Plaintiffs were "captive insurance agents" for Defendants, which are various GEICO insurance entities. Am. Compl. ¶¶ 14–18, ECF No. 29. Captive insurance agents are also called GEICO Field Representatives or "GFRs." *Id.* ¶ 46. Plaintiffs' relationships with Defendants are primarily governed by GFR Agreements. *E.g., id.* Defendants allowed Plaintiffs

---

[1] The Court accepts Plaintiffs' factual allegations as true for the purposes of Defendant's motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022)

to opt into certain health and life insurance plans but did not allow them to participate in other employee benefit plans, including retirement and pension plans, and other health and life insurance plans. *Id.* ¶¶ 4–6. Plaintiffs allege that, in so doing, Defendants violated the Employee Retirement Income Security Act ("ERISA"). *See generally*, *id.* Plaintiffs assert claims under ERISA on individual and class-wide bases. *Id.*

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th at 466 (quotation marks and citations omitted). However, the non-moving party must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

## III.   ANALYSIS

Plaintiffs assert several claims under ERISA, including claims for benefits and unlawful retaliation. *See generally*, Am. Compl., ECF No. 29. Defendants argue all of Plaintiffs' claims must be dismissed because, among other reasons, Plaintiffs are not participants in the relevant plans. Mot., ECF No. 34. The Court first addresses whether it can consider the relevant plan documents before turning to the merits of Plaintiffs' claims.

### A.   What can the Court consider when reviewing Defendants' motion?

The Court previously ordered the parties to jointly submit the relevant plan documents. ECF No. 39. Defendants submitted several documents (the "Documents") that Defendants represented were the relevant plan documents. ECF No. 46. The Documents fall into two categories: the Revised Profit Sharing Plan, which provides savings and retirement benefits, and the Welfare Plan, which provides for various medical, disability, and life-insurance plans. Revised Profit Sharing Plan, ECF No. 46-1; Welfare Plan, ECF No. 46-2–46-9.

Plaintiffs, however, would not agree to the accuracy and completeness of the Documents. ECF No. 46. Plaintiffs asserted they would need fulsome discovery to verify the Documents and would specifically need answers to the following questions:

> (1) are the Documents all of the relevant plan documents?
>
> (2) when were the Documents in effect?
>
> (3) are the Documents the "actual plan documents"?

*Id.*; *see also* ECF No. 49. The Court then ordered Defendants to respond to those questions, ECF No. 53, which Defendants did, as follows:

> (1) The Documents are all of the relevant plan documents.
>
> (2) The Documents were in effect from at least as early as January 1, 2013 and at least as recently as December 31, 2022.
>
> (3) The Documents are the actual plan documents.

ECF No. 54. Plaintiffs still cannot accept Defendants' representations. ECF No. 55.

For the following reasons, the Court concludes that it may properly consider the Documents.

Generally, courts do not consider matters outside the pleadings when ruling on a motion to dismiss. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto" (citation omitted)). There are some exceptions to this general rule. For example, Federal Rule of Civil Procedure 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." In addition, a court may consider "items in the public record" that are "not subject to reasonable dispute" without converting a motion to dismiss into one for summary judgment. *Passa*, 123 F. App'x at 697.

Here, there is no question that the Court could consider the relevant plan documents on a motion to dismiss, as they are referred to in the Complaint and central to Plaintiffs' claims. *See Miles-McClellan Constr. Co., Inc. v. Kenny/Obayashi*, No. 2:16-CV-577, 2017 WL 3209524, at *3 (S.D. Ohio Mar. 29, 2017) ("The court may consider documents that a defendant attaches to a motion to dismiss without converting the motion to one for summary judgment if the documents are referred to in the complaint and are central to Plaintiff's claims" (cleaned up)).

The dispute, however, is whether the Documents *are* the relevant Plan documents. Defendants contend that they are. ECF No. 46. In addition, the Court directly ordered Defendants to say whether the Documents were the relevant Plan documents and Defendants responded—with supporting evidence—in the affirmative. ECF No. 54.

Plaintiffs essentially disbelieve Defendants. The Court understands, of course, that opposing parties often have little reason to trust one another. Here, however, Defendants have represented to the Court, in response to a Court order, that these are the relevant Plan documents, and have submitted a declaration in support of the same. In the face of that weighty representation, Plaintiffs argue only that Defendants' supporting witness declares that the Documents were the relevant documents "to the best of my knowledge" and that some documents have editing marks on them and, therefore, may not be the final documents. Plaintiffs point to no facts that even suggest Defendants have

misrepresented the Plan documents (for example, Plaintiffs do not argue that they have ever seen plan documents that differ from those submitted or that they had ever been told conflicting information).

In addition, Plaintiffs have repeatedly insisted that they need fulsome discovery to determine the accuracy and completeness of the Documents. However, it seems that Plaintiffs seek discovery only because they do not trust Defendants and believe discovery will uncover untruths (or perhaps incomplete truths) in Defendants' representations to the Court. Once again, Plaintiffs point to no *specific* facts they believe discovery will reveal that would support their position. Instead, it seems Plaintiffs want to engage in costly discovery on the hope that Defendants violated Federal Rule of Civil Procedure 11.

In sum, Plaintiffs' unsupported arguments that they do not trust Defendants' evidence-backed representations to the Court fall flat. Accordingly, the Court can, and will, consider the Documents when reviewing Defendants' motion to dismiss.

**B.   Do Plaintiffs state a claim for relief?**

Plaintiffs assert several claims under ERISA, alleging that they participate in certain health and life insurance plans but are not allowed to participate in other employee benefits plans (the Court refers to these other plans as the "Plans"). *See generally*, Am. Compl., ECF No. 29. As explained below, Plaintiffs' claims fail.

1.  **Duplicative Claims**

Plaintiffs brings a "claim" for declaratory judgment ("Claim I") and a "claim" for injunctive relief ("Claim II"), both seeking redress for alleged violations of ERISA. Am. Compl. ¶¶ 99–105, ECF No. 29. Upon review of the Amended Complaint, the Court concludes that Claims I and II are entirely duplicative of Plaintiffs' other claims. Accordingly, Claims I and II are **DISMISSED WITH PREJUDICE** as duplicative; if Plaintiffs succeed on any of their claims, they may seek equitable remedies. *See Borden v. Antonelli Coll.*, 304 F. Supp. 3d 678, 691 (S.D. Ohio 2018) ("Courts have authority to dismiss duplicative claims *sua sponte*" (citation omitted)).

2.  **Statutory Standing**

To have statutory standing to bring a claim for benefits or unlawful retaliation under ERISA, the plaintiff must be a plan participant or beneficiary. 29 U.S.C. § 1132(a)(1); 29 U.S.C. § 1140. To be a plan participant,[2] a plaintiff must show both that she is "a common law employee" and that she is "eligible for benefits under the language of the Plans." *Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-CV-346, 2021 WL 3560884, at *3 (S.D. Ohio Aug. 11, 2021).

Here, Plaintiffs' claims fail because they cannot show they are eligible for benefits under the language of the Plans. When a plan's plain language

---

[2] There is no argument that Plaintiffs are plan beneficiaries.

expressly excludes a person from eligibility, that person is not a plan participant. *Oglesby*, 2021 WL 3560884, at *3.

Both the Welfare Plan and the Revised Profit Sharing Plan expressly state that if someone provides services for Defendants under an agreement (*e.g.*, the way Plaintiffs provide services to Defendants under the GFR Agreements) and if that agreement expressly provides the person is not eligible to participate in benefit plans, then that person is not eligible to participate in either Plan. Revised Profit Sharing Plan RSP, ECF No. 46-1, PAGEID 968; Welfare Plan § 3.1, ECF No. 46-2, PAGEID # 1285.

> Plaintiffs' GFR Agreements all provide as follows:
>
> GFR is not entitled to participate in, or be eligible in any way to benefit under, any pension, retirement or other employee fringe benefits currently or as may in the future be provided to Company's employees (with the possible exception of such working condition fringe benefits that Company may, but does not hereby expressly agree to, provide and that are excludable under Internal Revenue Code Section 132(d)), including but not limited to the Pension Plan for the Employees of Government Employees Companies, Revised Profit Sharing Plan for the Employees of the Government Employees Companies, and each and every other employee fringe benefit plan as may now or hereafter be adopted. Such exclusion from participation shall apply in all events, including any reclassification of GFR as a common-law employee of Company by the Internal Revenue Service or any court of law.

GFR Agreement, ECF No. 34-2, at PAGEID # 518, 567, 616, 664, 707.[3]

---

[3] Some of the GFR Agreements have slightly different language, but all have the same import.

Thus, Plaintiffs provided services to Defendants under the GFR Agreements, and the GFR Agreements expressly provide that Plaintiffs are not eligible to participate in employee benefit plans. Accordingly, Plaintiffs are not eligible for participation in the Plans and, therefore, are not "participants."

This conclusion comes with one caveat: the Welfare Plan provides that for the purposes of only the "Medical Program, the Dental Program, and the Vision Program," (the "Programs") GFRs are "employees." Welfare Plan § 3.1, ECF No. 46-2, PAGEID # 1285. Thus, Plaintiffs are participants in the Programs.

Plaintiffs argue that, because they are eligible for some benefits under the Welfare Plan, they are eligible for all benefits Defendants offer. This argument fails. Most importantly, this argument is contrary to the statutory language of ERISA, which provides that a participant may bring a civil action "to recover benefits due to him under the terms of *his plan*, to enforce *his* rights under the terms of the plan, or to clarify *his* rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Said more simply, ERISA provides that a participant may bring a claim to receive benefits from or enforce rights under *the plan in which he is a participant*, not a different plan in which he is not a participant.

Plaintiffs disagree, relying on the statutory definition of "participant" which provides in part that a "participant" is any employee "who is or may become eligible to receive a benefit of any type from an employee benefit plan[.]" 29 U.S.C. § 1002(7). Plaintiffs argue that because they are eligible for medical and

other benefits, and those of benefits of "any type" under the Welfare Plan, they are "participants."

Plaintiffs read the statute too broadly. The statute does not mean that, once someone is eligible for *a* benefit, they are eligible for *all* benefits. Rather, it means that someone who is eligible to receive a benefit is a "participant" for purposes of that benefit. Indeed, the rest of the statutory definition underscores this reading. The definition reads in full:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive *any such benefit*.

29 U.S.C. § 1002(7) (emphasis added). The "any such benefit" language shows the definition of "participant" is a *benefit-specific* inquiry: if someone is eligible for one type of benefit, say medical benefits, he is a participant *as to such [medical] benefits*. Accordingly, Plaintiffs' argument fails to persuade.

Although not entirely clear, the Programs seem to be the same insurance benefits Plaintiffs reference in paragraph 33 of the Amended Complaint (the "Paragraph 33 Benefits"). Plaintiffs seem to assert claims based on the Paragraph 33 Benefits, but the Complaint lacks clarity as to why Plaintiffs object to the Paragraph 33 Benefits or why Plaintiffs believe they are unlawful. *See generally*, Am. Compl., ECF No. 29. Accordingly, if Plaintiffs believe they can amend their Complaint to plausibly allege claims related to the Paragraph 33

Benefits, they may file a Second Amended Complaint **WITHIN THIRTY DAYS** and without further leave of Court.

Plaintiffs are **CAUTIONED**, however, that any such Second Amended Complaint may be based on *only* the Paragraph 33 Benefits. Plaintiffs may not attempt to re-litigate their position that, because of their participation in the Paragraph 33 Benefits, they are participants in any other plans. Plaintiffs are further **CAUTIONED** that failure to timely file a Second Amended Complaint will result in the Court closing the case without further warning.

## IV. CONCLUSION

For these reasons, Defendants' motion is **GRANTED**; the Amended Complaint is **DISMISSED**.

Claims I and II are **DISMISSED WITH PREJUDICE**; the claims related to the Plans are **DISMISSED WITH PREJUDICE**; any claim related to the Paragraph 33 Benefits is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs can amend their Complaint to plausibly allege claims related to the Paragraph 33 Benefits, they may file a Second Amended Complaint **WITHIN THIRTY DAYS**.

The Clerk shall terminate ECF No. 34.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**