**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 26, 2024

Ms. Tiffany L. Carwile
Mr. Damion M. Clifford
Ms. Stefanie Lynn Coe
Mr. Gerhardt A. Gosnell II
Arnold Clifford
115 W. Main Street
Fourth Floor
Columbus, OH 43215

Mr. Gerald Leonard Maatman Jr.
Ms. Jennifer A. Riley
Duane Morris
190 S. LaSalle Street
Suite 3700
Chicago, IL 60603

Re: Case No. 23-4015, *James Moyer, et al v. GEICO, et al*
Originating Case No. : 2:23-cv-00578

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Kelly L. Stephens, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0197p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

JAMES MOYER; NATHANIEL MCCRACKEN; BRANDON HARRIS; ALYSSA PALERMO; VINCENT HARRIS,
  *Plaintiffs-Appellants*,

  *v.*

GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INSURANCE AGENCY, LLC; GEICO CORPORATION,
  *Defendants-Appellees*.

No. 23-4015

---

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:23-cv-00578—Michael H. Watson, District Judge.

Argued: July 24, 2024

Decided and Filed: August 26, 2024

Before: BOGGS, COOK, and NALBANDIAN, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Tiffany L. Carwile, ARNOLD & CLIFFORD, LLP, Columbus, Ohio, for Appellants. Jennifer A. Riley, DUANE MORRIS LLP, Chicago, Illinois, for Appellees. **ON BRIEF:** Tiffany L. Carwile, Damion M. Clifford, Stefanie Lynn Coe, Gerhardt A. Gosnell II, ARNOLD & CLIFFORD, LLP, Columbus, Ohio, for Appellants. Jennifer A. Riley, Gerald L. Maatman, Jr., DUANE MORRIS LLP, Chicago, Illinois, for Appellees.

## OPINION

NALBANDIAN, Circuit Judge. Cases often depend on the contents of legal instruments, such as trusts or contracts. And under the Federal Rules of Civil Procedure, these documents are part of the pleadings if attached to the complaint. If a plaintiff doesn't attach them to the complaint, an alert defendant can provide the relevant records at the motion-to-dismiss stage to defeat the plaintiffs' claims. But defendants must take care. If there are factual questions about whether the defendant has provided a complete set of the controlling documents, discovery is appropriate—not dismissal.

GEICO classified James Moyer and other captive insurance agents[1] as independent contractors and did not let them receive the full slate of benefits it provided its corporate employees. The agents sued. They claim that GEICO was violating the Employee Retirement Income Security Act of 1974 (ERISA) by misclassifying them and denying them benefits. The benefits-plan documents are integral to the plaintiffs' claims but were not attached to the complaint. So the district court ordered the parties to provide the relevant plan documents. GEICO submitted documents that, according to one of its executives, governed the dispute. The agents resisted and argued that the district court could not rely on them in deciding GEICO's motion to dismiss. The court disagreed, relied on the documents, and dismissed the complaint. Because there are legitimate questions about whether the documents that GEICO provided are a full set of the relevant, governing plan documents, we REVERSE and REMAND.

I.

James Moyer was a captive insurance agent for GEICO. In February 2023, Moyer sued various GEICO entities and the administrators of GEICO's benefit plans as a member of a proposed class of captive insurance agents. Although GEICO classified agents as independent

---

[1] A captive insurance agent "is an insurance agent who by agreement with a particular insurance company agrees to only sell insurance products issued by and on behalf of that single insurance company." R. 1, Compl., p. 3 n.1, PageID 3.

No. 23-4015  *Moyer, et al. v. GEICO, et al.*  Page 3

contractors, Moyer claimed the agents should be considered employees for the purposes of all of GEICO's employee-benefits plans.

Moyer filed an amended class-action complaint with four new named plaintiffs in May 2023. The agents sued several GEICO entities and the administrators of GEICO's ERISA plans, claiming that GEICO misclassified captive insurance agents. According to the amended complaint, GEICO provides several ERISA plans, including a "Roth 401(k) plan, a group health care plan, a group dental plan, a profit-sharing plan, a group life plan, and a long-term disability plan." R. 29, Am. Compl., p. 28, PageID 447. Captive insurance agents can participate in its health and life-insurance plans, but GEICO excludes them from other plans. The agents claimed they would have participated in GEICO's "retirement, health, and other benefits" if GEICO had let them. *Id.* at 18, PageID 437.

The amended complaint sought declaratory and injunctive relief and damages. The requested relief included a declaration that, among other things, they and class members are "eligible for all benefits under the plan or plans Defendants offer to other employees." *Id.* at 26, PageID 445. The agents wanted GEICO to reform all its benefit plans to include them, pay restitution in the form of retroactive ERISA benefits, and reimburse them for previous insurance payments. The amended complaint added an ERISA retaliation claim arising from Moyer's termination. There were no plan documents attached to the amended complaint.

GEICO moved to dismiss. The district court sua sponte ordered the parties to file a copy of the relevant ERISA plans. GEICO provided copies of its welfare plan and two retirement plans. But the insurance agents argued that the district court could not consider the documents without converting the motion to a summary-judgment motion, and if the district court did consider the documents, the agents needed additional discovery. They claimed not to know whether the documents were the full set of relevant plan documents. The district court entered another order stating that it wanted "the parties to *jointly* file the relevant plans" and asking the agents what extra time or discovery they needed. R. 48, Order. The agents said they needed over five months to conduct discovery, but they reiterated that the court should not consider the plan documents.

No. 23-4015 *Moyer, et al. v. GEICO, et al.* Page 4

The district court did not oblige. Instead, it ordered GEICO to file any other relevant plan documents and a declaration answering "(1) are the Documents all of the relevant plan documents? (2) when were the Documents in effect? (3) are the Documents the 'actual plan documents?'" R. 53, Order, p. 2, PageID 2765. The court ordered the agents to file either a joint notice with GEICO or a notice explaining why they were still unable to agree about the plan documents.

GEICO filed more documents and an affidavit from GEICO Head of Total Rewards Michael Masiuk. Masiuk claimed that the submitted documents were "all of the relevant plan documents" and that they "were in effect from at least as early as January 1, 2013, and at least as recently as December 31, 2022." R. 54-1, Masiuk Decl., p. 2, PageID 2771. But the agents still said they needed discovery and could not say that the filings represented "*all* of the Plan Documents for *all* of the ERISA plans." R. 55, Pl. Reply, p. 2, PageID 3311. They pointed out that "many of the documents are dated after January 1, 2013, meaning that the documents could not be in effect on that date," and that some documents had redlines. *Id.*

The district court granted GEICO's motion to dismiss. The court decided that it could consider the plan documents. It rejected the agents' "unsupported arguments that they do not trust Defendants' evidence-backed representations to the Court." R. 56, Op. & Order, p. 6, PageID 3318. On the merits, the district court held that the agents lacked statutory standing because they could only bring claims relating to benefits for which they were eligible under the plan documents. Under the plan documents and the agents' agreements with GEICO, they were generally not eligible to participate in the benefits plans.

The district court recognized that the agents were eligible for some benefits and gave the agents a chance to amend to raise claims related to the health and life-insurance plans referenced in paragraph 33 of their amended complaint. The agents did not amend. Instead, they filed a timely notice of appeal.

## II.

The district court found the agents ineligible for additional benefits because of language in GEICO's Consolidated Welfare Benefits Program and a summary of its Revised Profit Sharing

No. 23-4015            *Moyer, et al. v. GEICO, et al.*            Page 5

Plan. Despite repeated objections, the district court thought it could consider these documents given the sworn declaration from Masiuk and the agents' failure to specify how additional discovery would support their argument. The agents argue on appeal that the set of documents "contained redlines, handwritten notes, and electronic comments," making it "impossible" to tell whether the documents were the relevant final plan documents. Appellant Br. at 12.[2]

      A district court may consider some documents outside the pleadings in deciding a motion to dismiss. A "copy of a written instrument" that is attached to a pleading, such as a complaint, becomes "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). And a plaintiff cannot "survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). A district court may consider documents submitted by the defendant without converting a motion to dismiss to a motion for summary judgment if they are "referred to in the pleadings" and "integral to the claims." *Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651, 657 n.1 (6th Cir. 2016) (quoting *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)).[3] The agents acknowledge this exception and do not dispute that it applies here. *See* Appellant Br. at 11. They instead complain that GEICO has not established the documents' validity and relevance.

      A district court should not rely on documents at the motion-to-dismiss stage if their authenticity is disputed. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002). But plaintiffs must do more than assert that they don't believe that the documents are what they purport to be, at least when the documents appear self-authenticating or the defendant has submitted a sworn statement authenticating them. Plaintiffs must support their authenticity

---

[2]The agents also complain that the district court should not have considered Masiuk's declaration, which they characterize as hearsay. We reject this argument. GEICO could submit a declaration to show that the documents were authentic. *See Berry v. U.S. Dep't of Lab.*, 832 F.3d 627, 633 n.1 (6th Cir. 2016).

[3]*See also* Charles Alan Wright, et al., *Federal Practice & Procedure* § 1327 (4th ed. 2024 update) ("[I]f the document is extensively referenced and relied upon, courts are likely to treat the document as incorporated into the pleadings."); 2 James William Moore, et al., *Moore's Federal Practice* § 10.05 (Matthew Bender 3d ed. 2024 update) (stating that a court will consider a document outside the pleadings "only if the pleading subject to the motion to dismiss referred to the writing and if the writing was central to the pleader's claim for relief").

No. 23-4015 *Moyer, et al. v. GEICO, et al.* Page 6

objections. *See Clark v. Jackson*, No. 22-5553, 2023 WL 2787325, at *3 (6th Cir. Apr. 5, 2023). When they raise supported arguments that the documents are not what the defendants claim, the district court should, at a minimum, permit discovery about the documents.

And whether we view it as an authenticity challenge or something else, a plaintiff should also be able to get discovery by raising legitimate questions about whether the defendant has provided a complete set of governing documents.[4] For example, a district court should not rely on television broadcasts to dismiss a defamation case unless the television station provided all relevant footage. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007); *see also Horsley*, 304 F.3d at 1135 (ruling that incomplete broadcast transcripts could not be considered in deciding a motion for judgment on the pleadings).[5]

This case involves both authenticity and completeness issues. If GEICO wanted the district court to rely on the contents of its employee-benefits plans, it should have provided a full set of authentic plan documents for the relevant period. The agents' claims arose at some point after April 2017. *See* R. 29, p. 9, PageID 428 (claiming that GEICO started treating agents like employees in "the past three to six years"). So GEICO had to provide authentic documents accounting for all plan amendments from about 2017 to 2023.

There's a question about whether GEICO did this. To start with, in its decision, the district court relied in part on a "Summary Plan Description" of GEICO's profit-sharing plan. *See* R. 46-1, Docs, p. 137, PageID 964; R. 56, p. 8, PageID 3320 (citing R. 46-1, p. 141, PageID 968). But this summary document had redlines and electronic comments, suggesting it may not have been operational at *any* time. The plaintiffs' challenge to this document rises beyond the level of mere assertion. In addition, and perhaps more importantly, the plan summary is not the controlling legal document—the plan itself would take precedence in the event of any conflict

---

[4]Completeness could also be described as a "relevance" issue. *See Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012) (quoting *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012)). When the defendant provides an incomplete set of records, it's possible that they are ultimately irrelevant to all or part of the plaintiff's claim. But it may be best to view these challenges as simply going to whether the documents foreclose the plaintiff's claims. If there are gaps in the record, it's not appropriate to dismiss the complaint.

[5]Assuming, of course, that television footage or transcripts can constitute "written instrument[s]" under Federal Rule of Civil Procedure 10(c).

with the summary.⁶  So the district court erred by relying on the plan summary because there was a factual question about its authenticity and, in any event, the district court should have looked to the plan itself.

GEICO has not provided complete records for the plan itself either.  The record contains various redlined amendments showing how the plan changed in the years before 2023.  GEICO also provided a 2023 version of the plan (now known as the "GEICO 401(k) Savings Plan") with footnotes that say when various provisions were revised.  R. 54-2, pp. 452–524, PageID 3223–3295.  There are issues with both sources.  One of the amendments has a handwritten note scrawled at the top and at least one page is missing.  *See* R. 46-1, pp. 58–59, PageID 885–86.  The 2023 version of the plan has some rendering errors, like page numbers that are rendered incorrectly and header metadata that is improperly included in the filed document.  *See* R. 54-2, pp. 483, 486, PageID 3254, 3257.  And some dates of amendment may be incomplete.  *See* R. 54-2, p. 489, PageID 3260 n.12 ("Further amended 11/__/22, effective 01/01/22."); *id.* at 502, PageID 3273 n.26 ("Amended / /21 and effective 1/1/21.").

More important, neither the redlined amendments nor the 2023 plan shows all changes made to the profit-sharing plan between 2013 and 2023.  Each source has changes that the other lacks.  The amendments show two changes to § 4.1(a) of the plan, effective January 1, 2020, and January 1, 2022.  R. 46-1, pp. 39–40, PageID 866–67.  But § 4.1(a) of the 2023 plan has no footnote recognizing the modifications.  R. 54-2, p. 467, PageID 3238.  On the other hand, §§ 6.4(f) and 7.1 were amended on June 1, 2020, according to the footnotes.  *Id.* at 483 n.10, 485 n.11, PageID 3254, 3256.  Yet none of the redlined amendments show this change.

These omissions raise a significant factual question:  Are there other changes that are not reflected in *either* source?  GEICO provided a 2023 version of the profit-sharing plan.  But even if we accept that document as authentic, we cannot be sure how the plan evolved before 2023.  GEICO has not provided a complete set of redlined amendments.  And the 2023 plan does not accurately note all previous amendments either.

---

⁶At oral argument, GEICO did not rely on its summaries but argued that the plans themselves had no redlines or comments.

No. 23-4015 *Moyer, et al. v. GEICO, et al.* Page 8

Nor did Geico submit all documents relevant to its consolidated welfare plan. GEICO submitted a 2016 version of the plan, with footnotes indicating that some parts were revised *before* 2016.[7] It also provided various amendments with effective dates *after* 2016.[8] So it's impossible to check the amendments against any post-2017 version of the plan—for some changes there's only the plan, and for other changes there are only the amendments. On a motion to dismiss, we decline to rely on these uncorroborated plan documents. If GEICO failed to provide reliable records for its profit-sharing plan, it may have done the same for its welfare plan.[9]

In the end, we are not convinced that the current record accurately shows how the profit-sharing and consolidated welfare plans changed between 2017 and 2023. There is a factual question about whether the record includes each amendment to the profit-sharing and consolidated welfare plans from that period. So the district court could not rely on the contents of the plans (or the plan summaries) to dismiss the amended complaint.[10]

The district court thought that challenging these documents amounted to arguing that GEICO violated Federal Rule of Civil Procedure 11 and that Masiuk lied. But that's not so. We have no reason to question that GEICO and Masiuk acted in good faith to compile what they thought was the relevant universe of documents. Nevertheless, Masiuk could have made a mistake, even if he did his best to assemble the relevant documents. Or perhaps some documents weren't available to him. GEICO ultimately submitted over 2,000 pages of documents and it has multiple relevant plans. And we know GEICO has already committed multiple errors: Besides the issues identified above, GEICO didn't submit *any* copy of the profit-sharing plan when it

---

[7]The plan says on its face "Effective as of January 1, 2004," but it also lists dates when the plan was revised. The last date of revision is December 16, 2016. R. 46-2, p. 266, PageID 1278.

[8]*See* R. 46-2, p. 250, PageID 1262 (effective 2019); *id.* at 251–54, PageID 1263–66 (effective 2021); *id.* at 255–57, PageID 1267–69 (effective 2022); *id.* at 258–62, PageID 1270–74 (effective 2018); *id.* at 263–65, PageID 1275–77 (effective 2019); R. 54-2, pp. 1–5, PageID 2772–76 (effective 2023).

[9]To be sure, there may be a situation involving a set of documents when gaps in documentation can be explained or are otherwise inconsequential such that considering the documents on a motion to dismiss might not be problematic. But this is not that case.

[10]This case may come down to the documents that GEICO has provided. But it's premature for us to reach that conclusion and unfair not to permit the agents to conduct at least some limited discovery on this issue.

No. 23-4015                      *Moyer, et al. v. GEICO, et al.*                      Page 9

responded to the district court's initial document request in September 2023. Even though the 2023 version is dated January 1, 2023, GEICO did not provide it until November 2023. Perhaps GEICO will locate more relevant documents if discovery is permitted. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 217 (6th Cir. 2019) (case in which defendant found important documents two and a half years into litigation).

GEICO asks us to affirm on several alternative grounds. "These grounds have not been addressed by the district court, and such consideration would be valuable . . ." *Baker v. United States*, 848 F. App'x 188, 189 (6th Cir. 2021). We therefore decline to analyze GEICO's alternative arguments and remand for the district court to address them in the first instance. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 404 (6th Cir. 2020).

## III.

For the above reasons, we REVERSE and REMAND.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 23-4015

JAMES MOYER; NATHANIEL MCCRACKEN; BRANDON HARRIS; ALYSSA PALERMO; VINCENT HARRIS,

    Plaintiffs - Appellants,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INSURANCE AGENCY, LLC; GEICO CORPORATION,

    Defendants - Appellees.

**FILED**
Aug 26, 2024
KELLY L. STEPHENS, Clerk

Before: BOGGS, COOK, and NALBANDIAN, Circuit Judges.

## JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk