**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| James Moyer, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 2:23-cv-00578 |
| v. | : | |
| | : | Judge Michael H. Watson |
| Government Employees | : | |
| Insurance Company, *et al.* | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |

<u>**PLAINTIFFS' MOTION TO COMPEL**</u>

Plaintiffs James Moyer, Alyssa Palermo, Vincent Harris, Brandon Harris, and Nathaniel McCracken ("Plaintiffs") pursuant to Civ.R. 34 and 37, respectfully request that the Court compel Defendants Government Employees Insurance Company, GEICO Insurance Agency, LLC, and GEICO Corporation, ("Defendants"): (1) to produce all documents responsive to Plaintiff James Moyer's ("Moyer") First Requests for the Production of Documents Nos. 3-6, 8, 10, 14, and 15; (2) supplement and/or amend Defendants' incomplete and insufficient answers to Moyer's Interrogatory Nos. 1, 4, and 6; and (3) to fully answer Plaintiffs' First Set of Interrogatories Nos. 1-9; and (4) produce all relevant and responsive documents to Plaintiffs' Requests for the Production of Documents Nos. 1-17. Plaintiffs' Motion is supported by the Brief accompanying this Motion, and the Affidavit of Stefanie L. Coe. [Exhibit 1].

Respectfully submitted,

*/s/ Stefanie L. Coe*
Stefanie L. Coe (0078265)
Damion M. Clifford (0077777)
Tiffany L. Carwile (0082522)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio 43215
Ph: (614) 460-1600
Email: scoe@arnlaw.com
        dclifford@arnlaw.com
        tcarwile@arnlaw.com

*Counsel for Plaintiffs*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.     BACKGROUND

Moyer and Plaintiffs have no other option but to file this motion to compel as Defendants have largely refused to fully engage in the discovery process. The discovery issues can be grouped into two categories. First, Moyer's individual interrogatory requests and requests for the production of documents where Defendants provided initial responses and some documents, but have failed to supplement those responses or provide any additional documents based upon Defendants' flawed contention that the Court on October 9, 2024 limited Moyer's ability to personally engage in any discovery regarding his retaliation claim. [Doc. #65].

The second category of discovery consists of Plaintiffs' potential class claims. Defendants have refused to provide any plan documents related to the health and welfare plans or provide responses to any interrogatories with respect to the health and welfare plans. Defendants' position is that when Plaintiffs appealed this Court's order granting the Defendants' motion to dismiss [Doc. #56], they waived and/or abandoned any and all claims related to GEICO's health and welfare plans.

As a result, Defendants' position is that Plaintiffs are only entitled to discovery as to Defendants' retirement plans. Defendants are simply wrong.

The Sixth Circuit reversed and remanded this Court's order granting Defendants' motion to dismiss.  Significantly, the Sixth Circuit recognized that Plaintiffs were seeking a declaration that Plaintiffs were "eligible for **_all_** benefits under the plan or plans." [Doc. 60 at PageID 3334](emphasis added).  And the Sixth Circuit's order reversing the grant of Defendants' motion to dismiss means that "there is no longer" a judgment in this case to support Defendants' purported

waiver claim. *Jarrett v. Kassel*, 972 F.2d 1415, 1429 (6th Cir. 1992). As such, Plaintiffs' first amended complaint is still operative, and it alleges that Defendants violated Plaintiffs' rights as to **all** ERISA-regulated plans, making all such plans relevant and discoverable. [Doc. #29 at ¶¶ 6, 91, 100, 108, 115-16, and 119].

## *PROCEDURAL HISTORY*

On February 9, 2023, Plaintiff James Moyer filed his original complaint against Defendants [Doc #1]. On April 11, 2023, Defendants filed a motion to dismiss. [Doc. #22]. On May 2, 2023, Plaintiffs filed their first amended complaint. [Doc. #29]. Plaintiffs, in their individual and representative capacities, alleged five causes of action, the first four counts pertain to claims of the entire potential class of captive insurance agents employed by Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and ERISA §502(a)(1)(B), and the fifth count is brought on behalf of Plaintiff James Moyer individually for retaliation under ERISA §510. On May 5, 2023, Defendants filed a motion stay discovery pending resolution of their motion to dismiss. [Doc. #31]. On May 30, 2023, Defendants filed a motion to dismiss Plaintiffs' amended complaint. [Doc. #34].

On August 1, 2023, the Court granted in part and denied in part Defendants' motion to stay discovery. [Doc. #38].

> Defendants' motion to stay discovery is GRANTED, in part, as unopposed as to the class claims (Counts 1-4) and discovery is STAYED as to these claims pending a ruling on the Motion to Dismiss (ECF No. 34). The Court, however, finds that Defendants have not carried their burden to show that a stay of discovery as to Plaintiff James Moyer's individual claim (Count 5) is warranted. Accordingly, in the exercise of the Court's discretion, the motion to stay discovery is DENIED, in part, to this extent and discovery may proceed on this claim. Defendants' request to brief the issue of trifurcated discovery is DENIED.

On August 9, 2023, Moyer sent his First Set of Interrogatories and Requests for the Production of Documents to Defendants. [Coe Affidavit ¶ 4]. On October 9, 2023, Defendants provided initial responses to Moyer's discovery requests. [*Id* ¶ 5]. To date, Defendants have not provided any supplemental and/or amended interrogatory responses or additional documents related to Moyer's First Set of Interrogatories and Requests for the Production of Documents. On January 16, 2025, Moyer's counsel sent a letter to Defendants' counsel outlining certain discovery deficiencies. [*Id* ¶ 6]. On January 28, 2025, Defendants responded by stating:

> First, you request that GEICO supplement its responses to Interrogatory Nos. 1, 4, and 6 and Request for Production Nos. 3-6, 8, 10, 14, and 15, served on August 9, 2023. As you concede, these requests 'all relate to [Mr. Moyer's] retaliation claim.' As a result, they are not within the scope of discovery authorized by the Court.
>
> As you know, in its opinion dated August 26, 2024, the Sixth Circuit returned this matter to the trial court for limited discovery on the authenticity and completeness of the relevant GEICO benefit plans. (See ECF No. 28-2 at n.10.) To that end, on October 9, 2024, Judge Watson entered an order authorizing 'limited written discovery' on the narrow issue of the 'authenticity and completeness of the relevant ERISA plan documents (the "October 9 Order"). (ECF No. 65.)
>
> As you concede, the requests identified above pertain to Mr. Moyer's retaliation claim. Thus, they are plainly outside the scope of discovery permitted by the October 9 Order. In any event, they are not relevant to the narrow issues pending before the Court and, therefore, are not proportional to the needs of the case at this juncture. [*Id* ¶ 7].

On August 25, 2023, the Court issued an order requiring the parties to jointly file relevant plan documents. [Doc. #39]. On December 1, 2023, the Court granted Defendants' motion to dismiss, which Plaintiffs appealed. [Doc #57]. On August 26, 2024, the Sixth Circuit Court of Appeals issued a decision reversing and remanding the entire case back to this Court. [Doc. #60].

In October 2024, this Court ordered the parties to submit a joint plan for "limited discovery on the authenticity and completeness of the controlling documents and/or plan to re-brief GEICO's alternative arguments for dismissal." [Doc. #63]. The Court later adopted the parties' joint stipulation per this Court's October 9, 2024 Order. [Doc. #65].

On October 22, 2024, Plaintiffs served a First Set of Interrogatories and Requests for the Production of Documents. [Coe Affidavit ¶ 9]. On December 12, 2024, Defendants provided responses. [*Id* ¶ 10].

On January 16, 2025, Plaintiffs sent a deficiency letter to Defendants. [Coe Affidavit ¶ 6]. On January 28, 2025, counsel for the Defendants responded, indicating that the discovery requests were outside the scope of the Court's limited discovery order. [*Id* ¶ 7].

On March 6, 2025, counsel for the parties held a meet and confer conference to discuss the discovery dispute. [Coe Affidavit ¶ 12]. During this call, counsel for the Defendants indicated that the Defendants' position was that the Court's October 9, 2024 Order [Doc. #65] did not permit discovery on Moyer's individual claims. Additionally, Defendants explained that Plaintiffs were only entitled to discovery of the plan documents related to retirement plans and not health and welfare plans. [*Id* ¶ 14]. On March 18, 2025, Plaintiffs requested a status conference with the Court. [*Id* ¶ 15]. In response to that request, Defendants' counsel said that the parties were not at an impasse and were unaware of any discovery issues. [*Id* ¶ 16]. On March 25, 2025, Magistrate Judge Deavers held a status conference. [*Id* ¶ 17]. As a result of that call, Magistrate Judge Deavers ordered the parties to submit written arguments as to their respective positions on discovery. Between March 21, 2025 and March 26, 2025, Plaintiffs and Defendants submitted arguments to Magistrate Judge Deavers via email. [*Id* ¶ 18]. On April 9, 2025, the Court held an additional status conference to discuss the procedure on how to address the pending discovery dispute. Plaintiffs'

counsel suggested that it send another deficiency letter to Defendants, conduct another meet and confer conference, and then prepare a motion to compel. Defendants' counsel agreed with this approach to try and resolve the discovery dispute. [*Id* ¶ 19].

On May 2, 2025, Plaintiffs' counsel sent a second deficiency letter outlining the deficiencies with Defendants' responses to specific interrogatories and requests for the production of documents. [Coe Affidavit ¶ 20]. The May 2, 2025 letter addressed both deficiencies with Defendants' responses to Moyer's First Set of Interrogatories and Requests for the Production of Documents as well as Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents. [*Id* ¶ 21]. On May 15, 2025, a second meet and confer conference occurred. [*Id* ¶ 22].

During the May 15, 2025 meet and confer conference, Defendants did not agree to provide any supplemental documents or amended responses to any of the pending discovery requests. [Coe Affidavit ¶ 23].

On May 21, 2025, Defendants' counsel confirmed via email that Defendants would not supplement or amend their discovery responses until the Court ruled on Plaintiffs' forthcoming motion to compel. [Coe Affidavit ¶ 24].

As of the date of this motion, Defendants have not provided any supplemental and/or amended discovery responses to either Moyer's First Set of Interrogatories and Requests for the Production of Documents or Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents. [Coe Affidavit ¶ 25].

<u>*DEFENDANTS' DEFICIENT DISCOVERY RESPONSES*</u>

**1.     Moyer's First set of Interrogatories and Requests for the Production of Documents that are in Dispute.**

Interrogatory No. 1 requested that Defendants identify how loss ratios were calculated and also who performed the calculations. While Defendants provided an answer regarding how the

loss ratios were calculated, Defendants did not identify who performed the calculations. [Coe Affidavit, Exhibit A].

Interrogatory No. 4 and RFP Nos. 3-6, 8, 10, 14, and 15 all relate to Moyer's ERISA retaliation claim. Defendants objected and refused to respond or produce any responsive or relevant documents. [Coe Affidavit, Exhibit A].

Interrogatory No. 6 requested Defendants to identify all metrics they used to measure the job performance of GFRs and call center agents. In response, Defendants noted that there were a "variety of methods" used to assess performance, but only provided two examples. As job performance was the claimed basis for Moyer's termination, Defendants must identify all metrics they use to measure job performance. [Coe Affidavit, Exhibit A].

> **2.    Plaintiffs' First set of Interrogatories and Requests for the Production of Documents that remain outstanding.**

Interrogatory No. 1 asked Defendants to "Identify the name of any fiduciary committee(s) that administer and/or establish, amend, or update any of GEICO's ERISA-regulated policies." Defendants provided the name of the fiduciary committee that administered their retirement plan, but did not provide the names of the committees that administered all of Defendants ERISA-regulated plans, including but not limited to the "GEICO Corporation Consolidated Welfare Benefits Program."  [Coe Affidavit, Exhibit D].

Interrogatory No. 2 asked Defendants to "Identify the individuals who have served on the fiduciary committee(s) identified in response to Interrogatory 1 from 2017 through 2024." Defendants provided the names of the members of the fiduciary committee of their retirement plan, but did not provide the names of the individuals that administered all of Defendants ERISA-regulated plans, including but not limited to the "GEICO Corporation Consolidated Welfare Benefits Program." [Coe Affidavit, Exhibit D].

Interrogatory No. 3 asked Defendants to "Identify any third-party consultants hired by GEICO to assist with any of GEICO's ERISA-regulated policies from 2017 through 2024." Defendants stated that they would conduct a search to identify any third-party consultants but limited their response to their retirement plans, and refused to respond at all to Defendants ERISA-regulated plans, including but not limited to the "GEICO Corporation Consolidated Welfare Benefits Program." Defendants never supplemented this response or provided any substantive answer. [Coe Affidavit, Exhibit D].

Interrogatory No. 4 asked Defendants to "Identify any other individuals involved in developing and/or updating GEICO's ERISA-regulated policies from 2017 through 2024." Defendants refused to answer this question. [Coe Affidavit, Exhibit D].

Interrogatory No. 5 asked Defendants to "Identify all of GEICO's final, approved ERISA-regulated policies in effect for each year from 2017 through 2024." Defendants responded by stating that it would produce its "Revised Profit-Sharing Plan (or GEICO 401(k) Savings Plan)." However, Defendants refused to include all ERISA-regulated plans, including but not limited to the "GEICO Corporation Consolidated Welfare Benefits Program." [Coe Affidavit, Exhibit D].

Interrogatory No. 6 asked Defendants to "Identify the individual(s) who approved the final version of all GEICO's ERISA-regulated policies from 2107 through 2024." Defendants indicated in their response they would conduct a search to identify the individuals who approved the final version of all GEICO ERISA-regulated plans from 2017-2024, but limited their response to only their retirement plans. Defendants never supplemented this response or provided any substantive answer. [Coe Affidavit, Exhibit D].

Interrogatory No. 7 asked Defendants to "Identify the individual(s) who made the track changes in the following documents: REL 158, 160, 162, 164, 168, 169, 170, 171, 193, 195, 196,

197, 198, 200, 203, 206, 207, 210, 212, 233, 234, 242, 252, 253, and 254." Defendants refused to answer this question. [Coe Affidavit, Exhibit D].

Interrogatory No. 8 asked Defendants to "Identify the individual(s) who made the track changes in the following documents: REL 165, 246, 253, and 254." Defendants refused to answer this question. [Coe Affidavit, Exhibit D].

Interrogatory No. 9 asked Defendants "For any individual listed in response to Interrogatory 2, 4, 6, 7, or 8 that is no longer employed by GEICO, identify that person's last known address, telephone number, and personal email address." Defendants did provide the names of individuals in response to interrogatory request number 2, but failed to provide any of the requested contact information for the identified individuals. [Coe Affidavit, Exhibit D].

In response to Plaintiffs' seventeen requests for production of documents, the Defendants produced a total of **_seven_** documents. [Coe Affidavit ¶ 11].

Plaintiffs' Document Request No. 1 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2017." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 2 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2018." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 3 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2019." Defendants responded by stating "Because GEICO is not

agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 4 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2020." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 5 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2021." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 6 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2022." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 7 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2023." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 8 asked Defendants for "All of GEICO's final, approved ERISA-regulated policies for 2024." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 9 asked Defendants for "All communications relating to the approval of any of GEICO's ERISA-regulated policies from 2017 through 2024." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 10 asked Defendants for "All minutes from the fiduciary committee(s) identified in response to Interrogatory 1 in which the committee approved an ERISA-regulated policy or change or amendment to such policy from 2017 through 2024." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 11 asked Defendants for "All communications to or from the named Plaintiffs relating to any of GEICO's ERISA-regulated policies." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 12 asked Defendants for "All documents and communications relating to the alleged exclusion of GFRs in any of GEICO's ERISA-regulated policies from 2017 through 2024." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 13 asked Defendants for "All documents and communications discussing whether GFRs are included within the benefits offered by any of

GEICO's ERISA-regulated policies from 2017 through 2024." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 14 asked Defendants for "All communications to or from Chris Conroy relating to any of GEICO's ERISA-regulated policies' alleged exclusion of GFRs." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 15 asked Defendants for "All communications to or from Robin Burdick relating to any of GEICO's ERISA-regulated policies' alleged exclusion of GFRs." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 16 asked Defendants for "All communications or documents relating to whether GEICO's alleged exclusion of GFRs from its ERISA-regulated policies complies with ERISA." Defendants responded by stating "Because GEICO is not agreeing to search for all documents potentially encompassed within this Request, GEICO is withholding documents on the basis of the forgoing objections." [Coe Affidavit, Exhibit D].

Plaintiffs' Document Request No. 17 asked Defendants for "All video recordings of meetings relating to GEICO's ERISA-regulated policies being compliant with ERISA, specifically in relation to the alleged exclusion of GFRs." Defendants responded by objecting indicating that responsive documents were protected by privilege and/or the work-product doctrine, that the terms

11

"ERISA-regulated policies" was overly broad and unduly burdensome as well as the request was outside the scope of the Court's order. Defendants then indicated that Defendants do not possess any responsive documents. It is not clear if this response was limited to Defendants profit sharing plan or all ERISA regulated plans. [Coe Affidavit, Exhibit D].

## II.    LAW & ARGUMENT

### A.    <u>Plaintiffs' Discovery Requests Seek Relevant and Discoverable Information.</u>

Rule 37 of the Federal Rules of Civil Procedure permits a party to move to compel discovery when a party fails to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.  Fed. R. Civ. P. 37(a)(4).

> i.    *<u>This Court previously held that Moyer is entitled to discovery regarding his ERISA retaliation claim</u>*.

This Court previously issued an order [Doc. #38], which unequivocally held that Mr. Moyer is entitled to conduct discovery on his retaliation claim.  Specifically, the Court held that "…discovery may proceed on this claim [Count 5]."  There simply is no factual or legal basis for Defendants' utter refusal to produce relevant and responsive documents to Mr. Moyer's discovery requests as noted above.

Moyer's requests relate to the calculation of loss ratios (Interrogatory #1) and other metrics (Interrogatory #6) Defendants alleged were the basis of their decision to terminate Moyer. Interrogatory #4 requested information related to other GFRs who were terminated between March 1, 2021 and April 30, 2023. Requests for Production Nos. 8, 10, 14, and 15 all relate to the policies and data of call center agents' actions, including their loss ratios. The documents requested by Moyer directly relate to Moyer's performance (Requests for Production Nos. 3, 4, 5, and 6) and

12

comparable GFRs and will demonstrate Defendants' explanation of their reason for termination is nothing more than a pretext for an unlawful termination. [Coe Affidavit ¶¶ 6, 7, and 8].

    ii.    *Plaintiffs' additional discovery seeks information about the authenticity and completeness of plan documents, which encompasses all of Defendants' ERISA-regulated plans.*

Plaintiffs are entitled to the discovery they requested as all the requests are relevant to determine the authenticity and completeness of the plan documents. First, Defendants are withholding the plan documents themselves. Specifically, Defendants have failed to provide at least three versions of the Revised Profit Sharing Plan for the Employees of the Government Employees Companies as amended and restated during the time period referenced in this lawsuit. The plan documents they have provided indicate there are at least three previous versions of the Revised Profit Sharing Plan for the Employees of the Government Employees Companies as amended and restated that have not been provided to Plaintiffs. [Coe Affidavit ¶ 23]. Defendants provided a plan document for the GEICO 401(K) Savings Plan as Amended and Restated Effective as of January 1, 2023, but have not confirmed if there is a prior version of that plan or if that plan was amended during the time period referenced in this lawsuit. [*Id* ¶ 23]. Defendants have also refused to provide any plan documents for any health and welfare plans, or other ERISA regulated plans. This is improper.

### a. *Defendants' waiver/abandonment argument is legally unsupported*.

Defendants argue that Plaintiffs waived their claims related to all ERISA regulated plans except the Defendants' Profit Sharing Plan when Plaintiffs elected to appeal this Court's December 1, 2023 Order granting Defendants' motion to dismiss. [Doc. #56]. Specifically, Defendants claim that as a result of Plaintiffs' appeal, Plaintiffs can no longer assert claims related to Defendants' ERISA regulated plans outside of their Profit Sharing Plan.

13

These contentions are baseless. Plaintiffs' amended complaint clearly seeks all ERISA-regulated benefits. Doc. 29 at ¶ 6 (defendants "fail to provide their captive insurance agents all of the same retirement, health, and other benefits"); ¶ 91 (detailing the common questions for the class, including "whether the captive insurance agents are employees of Defendants entitled to all ERISA benefits"); ¶ 100 (claiming that Plaintiffs are entitled to all benefits under the plans); ¶¶ 108, 115-16 (noting that Defendants provide retirement, health insurance, dental insurance, profit sharing, life insurance, and disability insurance plans, but that Defendants do not provide these benefits to Plaintiffs); and ¶ 119 ("Defendants' ERISA violations have damaged Plaintiffs and the Class, including but not limited to the loss of benefits due to them had the traditional and Roth IRAs, 401(k) plan, profit sharing plan, a group health care plan, a group dental plan, group life plan, and a long-term disability plan offered to all other current employees.").

The Sixth Circuit recognized that Plaintiffs were seeking a declaration that Plaintiffs were "eligible for all benefits under the plan or plans." Doc. 60 at PageID 3334. And the Sixth Circuit's order reversing the grant of Defendants' motion to dismiss means that "there is no longer" a judgment in this case for which Defendants can argue that Plaintiffs have waived their claims. *Jarrett v. Kassel*, 972 F.2d 1415, 1429 (6th Cir. 1992).

Because the Court's order dismissing Plaintiffs' complaint did not dismiss all causes of action with prejudice, such an order normally would not be considered a final appealable order. *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 846 (6th Cir. 2007). However, instead of amending the complaint, a plaintiff has the option to "stand on the dismissed complaint," which now makes the district court's order a final appealable order and properly vests the Sixth Circuit with jurisdiction to consider the district court's order. *Id.*

14

The Sixth Circuit's decision in *Robert N. Clemens Trust* recognizes that a plaintiff need not amend a complaint, but instead, can choose to stay with the complaint as it was originally written in order to make a trial court's decision a final appealable order.  This is what Plaintiffs decided to do here.  There is no requirement of a party to amend their complaint if they believe that the district court's decision was erroneous.  And a plaintiff's decision not to amend a complaint does not result in a waiver of claims that could have been amended, but were not.  In appealing to the Sixth Circuit here, Plaintiffs elected "to stand on [their] dismissed complaint," which is permitted under Sixth Circuit caselaw in order to make a district court's decision final and appealable.  Plaintiffs did not seek to amend their complaint because the complaint as originally drafted requested damages and declarations for all ERISA-regulated benefits, including profit-sharing/retirement and health and welfare benefits.  If Plaintiffs had lost in the 6th Circuit (they did not), the matter would have been conclusively determined, and Plaintiffs could not argue later that they could amend their complaint.

Most importantly and completely ignored by the Defendants, Plaintiffs did not lose their appeal.  The Sixth Circuit agreed with Plaintiffs that this Court should not have dismissed Plaintiffs' Complaint based on the purported plan documents.  In making this ruling, the Sixth Circuit recognized on numerous occasions that Plaintiffs' complaint was not limited to the profit-sharing/retirement plans.  *See* Doc. 60 at PageID 3334 (The amended complaint sought declaratory and injunctive relief and damages. The requested relief included a declaration that, among other things, they and class members are 'eligible for all benefits under the plan or plans Defendants offer to other employees.'  The agents wanted GEICO to reform all its benefit plans to include them, pay restitution in the form of retroactive ERISA benefits, and reimburse them for previous insurance payments."); *Id.* at PageID 3337 ("If GEICO wanted the district court to rely on the

contents of its employee-benefits plans, it should have provided a full set of authentic plan documents for the relevant period. . . .  GEICO had to provide authentic documents accounting for all plan amendments from about 2017 to 2023."); *Id.* at PageID 3339 ("Nor did Geico submit all documents relevant to its consolidated welfare plan.).  The clear import of the Sixth Circuit's opinion is that it read Plaintiffs' Complaint as seeking benefits and relief under all ERISA-regulated plans—both the profit-sharing/retirement and the health and welfare plans.

Furthermore, the reversal of a judgment means that the judgment no longer exists.  *Jarrett v. Kassel*, 972 F.2d 1415, 1429 (6th Cir. 1992) ("Because we reverse the final judgment of the district court on that issue and remand the case for further proceedings, however, there is no longer a final judgment . . . ." (emphasis added)); *Gregory Const. Co. v. Blanchard*, 1989 U.S. App. LEXIS 10235, at *11 (6th Cir. July 17, 1989) ("[O]ur reversal of the district court's opinion effectively vacated that court's judgment such that it no longer has any preclusive effect."); *Lee v. Davis*, 1983 U.S. App. LEXIS 13456, at *2-3 (6th Cir. Feb. 3, 1983) (noting that a reversed judgment "can no longer have a res judicata effect"); *Clemons v. Norton Healthcare, Inc. Ret. Plan*, 2024 U.S. Dist. LEXIS 58793, at *140-41 (W.D. Ky. Mar. 29, 2024) ("Plaintiffs argue that Norton waived this issue, and that this Court's previous opinion stands.  But that is incorrect. . . .  The Sixth Circuit reversed that ruling on the merits . . . so it is appropriate to consider Norton's arguments."); *see also Smith v. Warden*, 2010 U.S. Dist. LEXIS 10936, at *33-34 (S.D. Ohio Jan. 5, 2010) ("And after we reversed, Smith's convictions no longer existed." (quotation omitted)); *ATIFA v. Shairzad*, 56 A.D.3d 703, 703 (N.Y. App. Div. 2008) ("It is settled jurisprudence that when an appellate court reverses a judgment, the rights of the parties are left wholly unaffected by any previous adjudication." (quotation omitted)).

This Court's order dismissing Plaintiffs' Complaint is now "effectively vacated" and does not have "any preclusive effect." *Blanchard* at *11. Plaintiffs' decision to stand on their Complaint means that Plaintiffs' Fist Amended Complaint is the operative document that is still before this Court and what the district court must review. And as the Sixth Circuit recognized, Plaintiffs' Complaint seeks benefits and relief under all ERISA-regulated plans.

Based on both the Sixth Circuit precedent and its holding in Plaintiffs' appeal, Plaintiffs' claims for benefits and relief under all ERISA-regulated plans are still viable and have not been waived. Furthermore, Plaintiffs have stated claims and requested relief under all of GEICO's ERISA-regulated benefit plans. Thus, all of Defendants' ERISA-regulated plans are relevant and discoverable here. Moreover, a review of one benefit plan that GEICO admits Plaintiffs are participants (medical, dental, and vision) may impact the Court's analysis, as GEICO may be using the same language for plans in which GEICO claims Plaintiffs are not participants (401(k) and profit sharing). If these plans do have the same language involving GFRs, Defendants must explain to the Court why it is interpreting the same language differently for the profit-sharing/retirement plans versus the welfare plans. These potential differences make all of GEICO's ERISA-regulated plans relevant for discovery purposes too.

Plaintiffs' interrogatories and requests for the production of documents regarding the membership of Defendants' fiduciary committees, including minutes, is directly related to being able to determine if the plan documents produced by Defendants are complete, including when and whether any amendments were made to the plans. Requests related to communications about the plans themselves and their inclusion of GFRs is directly related to the completeness of the plan documents in order to understand how Defendants interpreted their plans, directed their benefit administrators to administer each plan, including a recognition by Defendants that GFRs were

17

participants in at least some of Defendants' ERISA-regulated plans. Plaintiffs specifically requested communications with Defendants' employees Robin Burdick and Chris Conroy because Plaintiffs understand that they specifically had communications regarding GFRs inclusion or exclusion of GFRs in Defendants' ERISA-regulated plans. Hence, there is no legal or factual basis for Defendants' refusal to provide the health and welfare plan documents. In fact, what appears entirely lost on Defendants is even if the Court were to find that Plaintiffs are not participants under Defendants' retirement plans (which would be legally and factually incorrect), Plaintiffs are still participants under Defendants' health and welfare plans. And because Defendants were wrongfully treated in comparison to other participants in Defendants' health and welfare plans, Plaintiffs and the potential class have suffered damages for those claims which still would remain pending regardless of the Court's ruling on Plaintiffs' claims under the retirement plans.

For all of these reasons, Plaintiffs submit that all of Defendants' ERISA-regulated plans are relevant and should be produced.  And for these same reasons, Defendants should be required to produce immediately documents detailing how they interpret and implement these plans along with providing testimony on all of GEICO's ERISA-regulated plans.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs, James Moyer, Alyssa Palermo, Vincent Harris, Brandon Harris, and Nathaniel McCracken ("Plaintiffs") respectfully requests this Court issue an Order pursuant to Civ.R. 34 and 37 compelling Defendants:  (1) to produce all documents responsive to Moyer's First Set of Interrogatories and Requests for Production of Documents Nos. 3-6, 8, 10, 14 & 15; (2) supplement and/or amend Defendants' incomplete and insufficient answers to Moyer's Interrogatory Nos. 1, 4 and 6; (3) supplement and/or amend Defendants incomplete

and insufficient answers to Plaintiffs First Set of Interrogatories Nos. 1-9; and (4) to produce all

documents responsive to Plaintiffs First Requests for the Production of Documents Nos. 1-17.

Respectfully submitted,

*/s/ Stefanie L. Coe*
Stefanie L. Coe (0078265)
Damion M. Clifford (0077777)
Tiffany L. Carwile (0082522)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio 43215
Ph: (614) 460-1600
Email:  scoe@arnlaw.com
            dclifford@arnlaw.com
            tcarwile@arnlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing *Plaintiffs' Motion to Compel and Memorandum in Support* was filed this 8th day of August 2025, via the Court's electronic filing system.  Parties may access the filing through the Court's system.


*/s/ Stefanie L. Coe*
Stefanie L. Coe